# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JERRY DUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CV414-109 |
| GOH LLC and | ) |
| RYLYN HUGHES, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Jerry Dunn moves for leave to proceed *in forma pauperis* (IFP) in his case against GOH LLC and Rylyn Hughes. Doc. 2. Finding him indigent, the Court **GRANTS** his IFP motion, doc. 2, but his complaint, doc. 1, as supplemented by his "removal" filing, doc. 3, must be dismissed for lack of jurisdiction.[1]

---

[1] Because this is a court of limited jurisdiction, the burden is on Dunn to plead and prove, by a preponderance of the evidence, facts supporting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (because federal courts are courts of limited jurisdiction "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . .") (quotes and cite omitted); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Those invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1), for example, bear the burden of establishing complete diversity of citizenship -- that the plaintiff and defendant are domiciled in different states -- and that the amount in controversy more likely than not exceeds § 1332's $75,000

The defendants sued Dunn in an *Alaska* small claims court. Dunn, claiming Georgia residency, purports to be "removing" it to this Court rather than an Alaska federal court. His jurisdictional and removal assertions (doc. 3) are frivolous,[2] as is his main complaint (doc 1), where he invokes an "inherent right of the 11th Amendment" open to him "[a]s an America[n] Citizen," (*id.* at 11) to advance a legally absurd "Request for Debt Validation." *Id.* at 25. In that plaintiff's legal theories are at best nonsensical,[3] no second-chance amendment is warranted here.[4]

---

jurisdictional requirement. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *partially abrogated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076-77 (11th Cir. 2000); *Connally v. State Farm Fire and Cas. Co.*, 2012 WL 2155110 at * 12 (S.D. Ala. May 22, 2012).

[2] Dismissal is also appropriate pursuant to 28 U.S.C. § 1915(e)(2), which requires dismissal of any IFP action when the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

[3] Judges must liberally construe a *pro se* litigant's pleading, but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Boles v. Riva*, 2014 WL 1887376 at * 1 (11th Cir. May 13, 2014) (quotes and cite omitted); *Sec'y, Fl. Dept. of Corr. v. Baker*, 406 F. App'x 416, 422 (11th Cir. 2010).

[4] *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, no undue prejudice could be shown, and the record revealed some potential claim-resuscitation).

Accordingly, this case (docs. 1 & 3) must be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 21st day of July, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**